Michael D. O'Brien, OSB 95105
Theodore J. Piteo, OSB 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Of Attorneys for Ramus Rodgers.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 02-64996-tmr13 |
| Ramus Rodgers | NOTICE OF MOTION FOR ORDER OF CONTEMPT |
| Debtor. | |

**Notice**. If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than **[14]** fourteen days after the date listed in the certificate of service below.

If you do not file an objection, the court may grant the motion without further notice. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at **405 E 8th Ave #2600, Eugene, OR 97401** by the deadline specified above or it may not be considered. You must also serve the objection on **Theodore J. Piteo, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223** within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

/ / /

/ / /

/ / /

## <u>CERTIFICATE OF SERVICE</u>

On October 7, 2020 copies of the above Notice of Motion, Motion for Order of Contempt

with Supporting Documents were served by certified mail on:

Bank of America, N.A.
c/o CEO Brian Moynihan
100 North Tryon St.
Charlotte, NC 28255

And further served vie ecf: the United States Trustee, the Debtor, and all parties

requesting special notice via ECF pursuant to FRBP 7004.

Dated <u>October 7, 2020:</u>

   <u>/s/ Theodore J. Piteo</u>    
Michael D. O'Brien, OSB 95105
Theodore J. Piteo, OSB 090311

Theodore J Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
Phone: (503) 786-3800

Of Attorneys for Ramus Rodgers, Debtor.


UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 02-64996-tmr13 |
| Ramus Rodgers | MOTION FOR ORDER OF CONTEMPT |
| | 11 U.S.C. § 105(a) |
| | 11 U.S.C. § 362 |
| | 11 U.S.C. § 524 |
| Debtors. | Oral Argument and Evidentiary Hearing Requested |

Pursuant to 11 U.S.C. §§ 105, 362 & 524, Debtor, through his trial attorney, Theodore Piteo, moves this Court for an order holding Bank of America ("Creditor") in contempt of the Automatic Stay.

Debtor prays for:

1. An Order holding Creditor in civil contempt;

2. An award of compensatory damages in the amount of not less than $2,000,000;

3. An award of mild deterrent sanctions not to exceed $5,000;

4. An award of the reasonable attorney's fees and costs necessary to prosecute the motion;

5. Punitive sanctions in the estimated amount of $50,000;

6. Such other equitable relief as may be warranted in the interests of justice.

Debtors support this Motion with the attached memorandum, declaration and exhibits.

Dated: October __7th__, 2020:

/s/ Theodore J Piteo
Theodore J Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
Of Attorneys for Debtor

Theodore J Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
Phone: (503) 786-3800

Of Attorneys for Ramus Rodgers, Debtor.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 02-64996-tmr13 |
| Ramus Rodgers | DECLARATION OF DEBTOR IN SUPPORT OF MOTION FOR ORDER OF CONTEMPT |
| Debtors. | |

I, Ramus Rodgers, being first duly sworn, depose and say under penalty of perjury of the laws of the United States of America that the following is true and correct:

1. I am the Debtor herein and I have personal knowledge of the facts testified hereto.

2. I listed Bank of America's successor, Countrywide ("Creditor") on my bankruptcy schedule D with a mailing address: Countrywide Home Loans, 400 Countrywide Way, Simi Valley, CA 93065 and additionally through their registered agent at Countrywide Home Loans, c/o The Prentice Hall Corp Systems, Inc, Registered Agent, 285 Liberty St NE, Salem, OR 97301. This was an address that Creditor provided on its billing notices. I know that they received notice of my bankruptcy because they filed a proof of claim in my Chapter 13 case and were paid by the Chapter 13 trustee.

3. Creditor holds a mortgage on my Property located at 10657 Wright Ave., Klamath Falls, OR 97603 (the "Debt").

4.   Despite listing Creditor in my bankruptcy, they apparently sold my Property, to themselves, after I filed bankruptcy in July 2002 (the "Sale"). I was completely unaware of the Sale until May 2019.   Despite knowing that I had filed bankruptcy, the Creditor took no steps to fix their error at all from 2002 through 2019.

5.   I learned about this sale when I went to Klamath River Mortgage in 2019 to obtain a new mortgage for a new home.  My broker, Kurt, then informed me that I did not own the property on Wright Avenue.  I had to change plans for the new mortgage and come up with a down payment.   We had to have a large down payment as I could not sell the Wright Avenue property in order to have cash from that sale to purchase the new property.  I tried to call Creditor and they covered up the fact that a sale had occurred. Their response was to send me the original purchase documents from 1999.   I went down to the County Clerk's office and discovered I was no longer the owner due to the sale in 2002.   I was subsequently required to liquidate part of my retirement in order to have the $50,000 down payment that my new lender required.  I had to pay taxes on that withdrawal.  I therefore lost not only that amount of money, but the future appreciation of that money in the stock market and a large cushion of security for my retirement.

6.   No one from Bank of America ever called me to straighten this out in 2019.  My next communication from them was to be served with a state court lawsuit in Case no. 19CV28494, filed in Klamath County Circuit Court. This lawsuit made me embarrassed, confused, worried, stressed, scared and I sought out legal advice.   The attorneys that I contacted had never heard of such a thing.  As a matter of fact,  I talked to **three** attorneys before I found ones who could assist me in understanding the huge mess that Bank of America created-- namely Ms. Oakes and Mr. Piteo.

7. The Creditor's intransigence in refusing to correct its improper sale from 2002 through 2019 caused me to suffer stress and anxiety about whether I would perhaps lose my Property after paying on the property for 20 years. I thought that once I filed bankruptcy and obtained a discharge that my arrears to the Creditor would be fully resolved and I would retain the Property. I thought that my previous bankruptcy attorney had taken care of everything, but it seemed like maybe the Creditor didn't have to follow the rules or our filing didn't apply to them they sold my property while I was under the protection of the bankruptcy court and because they retained ownership of my Property for over 17 years despite knowing about my bankruptcy filing. This situation caused me to suffer anxiety, stress, and fear regarding the effect of the bankruptcy and whether I might have to pay Creditor even more than I had apparently already lost through making monthly payments after the discharge when I didn't even own the house anymore. I thought I had wasted 17 years of payments and was sick about that thought. The primary purpose of my bankruptcy was to save my house and that seemed to have failed.

Date: September 29, 2020

/s/Ramus Rodgers
Ramus Rodgers, Debtor

Theodore J Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
Phone: (503) 786-3800

Of Attorneys for Ramus Rodgers, Debtor.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 02-64996-tmr13 |
| Ramus Rodgers | MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF CONTEMPT |
| Debtors. | |

Debtor moves this Court for an Order of Contempt against Bank of America ("Creditor") and this attached Memorandum shall be made a part of said Motion to substantiate the required elements under Fed R. Bnkr. P. 9020 and 9014 governing Contested Matters.

## INTRODUCTION

This action arises from willful automatic stay and discharge injunction violations committed by Creditor in attempting to coerce payment from the Debtor after it received the Notice of Filing and Notice of the Discharge. Creditor also failed to properly rescind a sale of his property occurring after Debtor filed for bankruptcy protection, which subsequently damaged the Debtor. Debtor suffered harm to his fresh start recovery through the willful actions of Creditor. Creditor's harassment is *per se* intentional and occurred after they had prior notice of Debtors' bankruptcy filing.

## FACTUAL ALLEGATIONS

### I. Case Filing and Discharge Injunction

On July 3, 2002, Debtor commenced a chapter 13 bankruptcy case in this Court and was assigned the above case number. Debtor's bankruptcy paperwork listed Creditor as a holder of a 1st position mortgage (the "Debt"). Debtor's Property, located at 10657 Wright Ave., Klamath Falls, OR 97603, was the security for Creditor's Debt (the "Property"). Creditor was served at 400 Countrywide Way, Simi Valley, CA 93065, and it appeared in the Debtor's case acknowledging actual notice. Unbeknownst to the Debtor, Creditor subsequently held a trustee sale of his Property on July 8, 2002.

## II. Chapter 13 Plan

Debtor subsequently filed a Chapter 13 Plan where he proposed to cure all arrears owing to Creditor on the Debt. Creditor appeared through their lawyers on August 29, 2002. The Plan was confirmed by Order of this Court on August 30, 2002. The Plan and Confirmation Order were received by Creditor at the same address as the petition and Creditor also received notice through their attorneys. Copies of the Plan and the Order Confirming Plan are attached here as Exhibit A and B.

## III. Discharge

Debtor subsequently completed the payments under his Chapter 13 Plan and received a discharge on April 5, 2007. The trustee filed his final report on May 10, 2007, which deemed the Debt to be current. Creditor received that Discharge Order and the Trustee's final report directly and through its attorneys.

## IV. Creditor's Intentional Violations

Despite the Debtor listing the Debt in his schedules, the Court having sent notice of the filing, Order Confirming Plan, and discharge to Creditor and Creditor appearing in the Debtor's

case, Creditor held a trustee sale of the Property and sold the Property to itself on July 8, 2002. During the case and after the discharge in 2007, Debtor continued making monthly payments to Creditor, and those payments were accepted. Creditor continued sending monthly statements to Debtor. Debtor was completely unaware that a sale had occurred on the Property until May 2019, when he wanted to obtain financing to purchase a new home. He had planned on selling or refinancing the Property to obtain funds necessary for the down payment on his new home purchase. His broker informed him that he was not the owner of the Property and he would need to source his down payment elsewhere. Debtor immediately called Creditor to ascertain what had happened and Creditor tried to cover up their mistake and refused to help him resolve the problem.

After learning about this situation and hearing the Creditor deny anything was wrong, the Debtor suffered anxiety, nausea and excessive stress resulting in fear and doubt as to the effectiveness of the Bankruptcy Code and the power of this Court to preserve and perpetuate a fresh start. Debtor was required to liquidate part of his retirement account, pay taxes on the distribution, and lose the growth of those funds to obtain the $50,000 he needed to buy his new home. This situation all stemmed from the improperly held trustee sale and Creditor's failure to correct their error. Even as of the time of the filing of this complaint, Debtor is still having trouble selling the Property due to title defects stemming from the improper trustee sale.

## LEGAL POINTS AND AUTHORITIES

### I.    Legal Standard for Contempt

To obtain an order of contempt for violation of a court order for relief, a debtor must prove that a party had knowledge of the order and intended the conduct that violated the order. *See, e.g., ZiLOG, Inc. v. Corning*, 450 F.3d 996, 1007 (9th Cir. 2006). A party with knowledge of the Bankruptcy is charged with knowledge of the Automatic Stay. *Id*. To recover sanctions

against a creditor for violation of the automatic stay, a debtor must establish the violation with clear and convincing evidence. *Renwick v. Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).

A contempt proceeding in bankruptcy court is properly brought by motion. *Barrientos v. Wells Fargo Bank*, 633 F.3d 1186, 1191 (9th Cir. 2011); Fed. R. Bnkr. P. 9020.

## II.     Remedies under Sections 105, 362, 524

11 U.S.C. § 105 empowers bankruptcy courts to award debtors compensatory civil contempt remedies for violations of the discharge injunction even without a showing of willfulness. These remedies include an order of contempt, compensatory damages, attorney's fees and costs, and mild sanctions. *See, e.g., Knupfer v. Lindblade* (*In re Dyer*), 322 F.3d 1178, 1193 (9th Cir. 2003); *Walls v. Wells Fargo Bank*, 276 F.3d 502, 507 (9th Cir. 2002). Punitive damages are also available in situations of egregious conduct. 11 U.S.C. § 362(k).

## ARGUMENT

### I.     Clear and Convincing Evidence Establishes Creditor is in Contempt

This Court should hold Creditor in civil contempt because the elements of civil contempt are met, as (1) Creditor received actual written and verbal notices of the bankruptcy filing and appeared in the case through counsel, (2) the terms of the automatic stay, the Order Confirming Plan and the Discharge Order were unambiguous; (3) Creditor intentionally held a trustee sale of Debtor's Property and took no steps to rectify the improper sale for 17 years and Debtor was damaged.

### II.     Debtor Should be Awarded Compensatory Damages, Attorney's Fees, Costs, Mild Sanctions, and Punitive Damages

Debtor should be awarded actual and compensatory damages in the estimated amount of not less than $2,000,000 for economic loss and emotional harm; reimbursement of his reasonable attorney's fees and costs necessary to prosecute this matter; and, further, this Court should mildly

sanction Creditor in an amount not to exceed $5,000 so it becomes profitable for it to implement procedures that will avoid these types of violations in the future. The Court should also punitively sanction Creditor for the extended duration of this issue and Creditor's lack of diligence in resolving the situation it created in the estimated amount of $50,000.

**CONCLUSION**

For the reasons stated above, Debtor requests an evidentiary hearing, so he may prove liability, damages and justify mild sanctions.

Dated: October __7th__, 2020:

/s/ Theodore J Piteo
Theodore J Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
Of Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
    Ramus Isaiah Rodgers )  Case No. **602-64996-aer13**
 )    (NOTE: If blank, Case No. will be
 )    on the Meeting of Creditors Notice)
 )
 )  **CHAPTER 13 PLAN DATED** _7·1̶9·02_
Debtor(s)  ☐ **MOTION TO VALUE COLLATERAL**
  ☒ **MOTION TO AVOID LIENS**
  [*MARK* above *IF* motion(s) included]

**COPY**

1.  The debtor shall pay to the trustee: (a) a periodic payment of $_____ **150.00** _____
   every _____**month**_____(insert either month or
   quarter); (b) all proceeds from avoided transfers; (c) upon receipt by the debtor, all tax refunds attributable to prepetition tax years
   and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a
   deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year) for:☐ The
   life of the plan, or ☒ 36 months from the date the first plan payment is due *(Check the applicable provision; if neither is checked,*
   *"for the life of the plan" applies)*; (d) a lump sum payment of $_____**0.00**_____on or before _____(date); and (e)
   _n/a_

   Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon
   request of the trustee, a wage deduction order to debtor's employer may issue immediately.

2.  The trustee shall apply all funds received pursuant to ¶ 1 as follows:
   (a)  First, to the trustee's commission and expenses.
   (b)  Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall
      continue to apply, except as otherwise provided in this plan or in the confirmation order. If a creditor is not fully secured, the
      unsecured portion of the creditor's claim shall be treated under the provisions of ¶ 2(d) and (e) if the claim identifies the priority
      portion of the claim, and, if not, under the provisions of ¶ 2(e) only. The following also apply:
      (1)  From the payments received pursuant to ¶ 1, if a claim has been timely filed and allowed as secured, make payments to the
         following holders of such claims as detailed below. ESTIMATED PREPETITION ARREARAGES, IF CURING AND
         REINSTATING, MUST BE SHOWN BELOW.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value | Postconfirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|
| Countrywide | Home | $5,000.00 | $70,000.00 | 1% | $125.00 |

   Any allowed secured claims will be paid in installments as shown above, and secured creditors shall retain their liens until
   terminated by law. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed above, disbursement
   of funds available shall be made pro rata. Unless otherwise stated, secured claims shall be paid current pursuant to this plan
   before any further disbursements are made to ¶¶ 2(c), (d) and (e).

   No interest shall be paid from the date of the filing of the petition to the date of confirmation unless ¶ 10 identifies the creditor(s)
   to whom such interest shall be paid. The interest rate for each creditor so identified shall be the amount stated in ¶ 10 (if no rate
   is specified the rate shall be the greater of 9% or the stated postconfirmation rate for said creditor). If no postconfirmation
   interest rate is stated for a creditor, the interest rate applicable to their creditor's secured claim shall be 9%.

   *If the collateral is not to be sold, the value of the collateral shall be fixed in the amount stated above for purposes of*
   *administration of this plan as well as for purposes of the amount of any secured claim, if undersecured, unless objected to*
   *at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object*
   *to this proposed modified plan, in which case the value will be determined by the court. If the collateral is to be sold, the*
   *value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral.*

   (2) Attorney Fees: Original attorney fees are $___**1,975.00**___; of which $___**1,575.00**___remains unpaid. Said fees
   are to be paid either: ☐ From all available funds after ¶ 2(b) payments are made; ☒ Prior to all creditors; or ☐ Other -

1300 (6/2/01) Page 1 of 3 **[NOTE: Printed text may NOT be stricken!]**

**Exhibit A - Page 1 of 3**

(3) The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state <u>creditor</u> NAME followed by DESCRIPTION of collateral to be surrendered):
**None**

(c) Third, pro rata, until fully paid, the balance of any payment to allowed administrative expenses referred to in §507(a)(1).

(d) Fourth, pro rata, until fully paid, to timely filed and allowed priority claims in the order stated in §507(a)(3)-(8).

(e) Fifth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1). These monies will be distributed in the method indicated in the section marked below [MARK ONLY <u>ONE</u>]. The terms of ¶ 8 shall also apply.

☒ (1) The creditors will receive approximately _____0_____% of their claims. Payment of any dividend will depend upon secured values at the time of confirmation, the total amount of allowed claims, and the costs of administration, including all allowed attorneys' fees of the debtor.

☐ (2) The creditors will receive a minimum _____% of their claims. This percentage will not be reduced despite the amount of total creditors' claims filed.

(f) [Not Applicable if NA inserted in the blank] Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $_____**n/a**_____, and not less than that amount shall be distributed to creditors pursuant to ¶¶ 2(d) and (e).

(g) [Not Applicable if NA is inserted in the blank] Pursuant to § 1325(a)(4), all allowed unsecured claims shall receive interest of ___**n/a**___% from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

Creditor          Amount of Default [State if None]      Cure Provisions
**None**

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under ¶ 2(e). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in ¶2(b), and/or specify any other treatment of such secured creditor(s) in an additional ¶ at the end of this plan:
**Countrywide Home Loans (Mortgage).**

5. Subject to the provisions of § 502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

6. (a) The debtor MOVES, pursuant to §522(f)(1)(A), to avoid the judicial liens of the following creditors because they impair an exemption(s) of the debtor:
**None**

(b) The debtor MOVES, pursuant to §522(f)(1)(B), to avoid the non-purchase money security interests of the following creditors because they impair an exemption(s) of the debtor:
**None**

Absent objection from a creditor, filed prior to the first date set for the confirmation hearing on this plan, the order of confirmation will avoid its lien and its claim will be treated in ¶ 2(e).

7. Except as otherwise provided herein, (a) postpetition interest on all unsecured claims is disallowed, and (b) unsecured claims allowed in the amount of $25 or less, to the extent claims of that class are entitled to a distribution under this plan, may be paid in the full amount allowed prior to any payments to other unsecured claims of the same class.

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The approximate length of the plan is __55__ months; cause to extend longer than 36 months is as follows:
**to pay secured debt.**

Except as otherwise explicitly provided by ¶ 10, the debtor shall make plan payments for the longer of either: (a) 36 months from the date the first payment is due under the original plan, unless the debtor pays 100% of all claims with interest if required; or (b) the time necessary to complete required payments to creditors.

1300 (6/2/01) Page 2 of 3 [NOTE: Printed text may <u>**NOT**</u> be stricken!]

**Exhibit A - Page 2 of 3**

Case 02-64996-tmr13    Doc 31   √Filed 10/07/20

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

10.

_____  
DEBTOR

_____  
DEBTOR

*IN ORDER TO ASSURE PROPER SERVICE ON ALL CREDITORS LISTED IN ¶¶ 2(B)(1) OR 6 OF THE PLAN pursuant to FRBPs 3012, 4003(d), 9014 and 7004: (a) I LISTED ON THE MAILING MATRIX such creditors, other than insured depository institutions, in care of a person or entity authorized to be served; AND (b) I SERVED VIA CERTIFIED MAIL, ON '7-19-C-2 COPIES OF THIS PLAN ON any insured depository institution(s) affected by ¶¶ 2(b)(1) or 6 of the Plan [FRBP 7004(h)] ; AND (c) THE FOLLOWING LIST SEPARATELY IDENTIFIES all such creditors served via matrix listing and such creditors served via certified mail INCLUDING the names AND addresses of ALL such creditors served (NOTE: With respect to creditors served via matrix listing, the list of names and addresses IS IDENTICAL to that included in the matrix):*

```
Countrywide Home Loans
400 Countrywide Way
Simi Valley, CA      93065

Countrywide Home Loans
c/o The Prentice Hall Corp Systems Inc, Registered Agent
285 Liberty St NE
Salem, OR      97301
```

_____  
*DEBTOR OR DEBTOR'S ATTORNEY*

1300 (6/2/01) Page 3 of 3 [NOTE: Printed text may **NOT** be stricken!]

**Exhibit A - Page 3 of 3**

Case 02-64996-tmr13    Doc 31    Filed 10/07/20

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

AUG 3 0 2002

LODGED _____ REC'D _____
PAID _____
DOCKETED _____

In re        ) Case No. **602-64996-aer13**

          )

**Ramus Isaiah Rodgers**    ) CONFIRMATION HEARING DATE: **8/29/02**

          )

          ) **ORDER CONFIRMING PLAN**

Debtor(s)       ) **AND RESOLVING MOTIONS**

The debtor's plan having been provided to creditors and the Court having found that it complies with 11 USC §1325(a), now, therefore IT IS ORDERED:

1. The debtor's plan dated _____**7/19/02**_____, as modified by any amendment shown in ¶ 11, is confirmed.

2. The debtor shall incur no credit obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall report immediately, upon receipt of notice of the change, to the trustee if actual or projected gross annual income exceeds by more than 10% the gross income projected by the debtor in the most recently filed Schedule I. Except for those amounts listed in the schedules, the debtor shall report immediately to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular monthly income) or other property which exceeds a value of $2,500.00. This includes the right to disbursements from any source, including but not limited to bonuses and inheritances. Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order. The debtor shall not buy, sell, use, lease (other than a lease of real property in which the debtor will reside), encumber or otherwise dispose of any interest in: (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee, with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

3. During the life of the plan, the debtor(s) timely shall file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority. The debtor's failure to pay postpetition tax and/or spousal or child support obligations may constitute cause for dismissal of the debtor's chapter 13 case under 11 USC § 1307(c).

4. The debtor's attorney is awarded $_____**1,975.00**_____ for attorney fees, of which $_____**400.00**_____ previously has been paid by the debtor, leaving a balance of $_____**1,575.00**_____ to be paid through the plan.

5. The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in ¶ 11 below. Executory contracts and unexpired leases are assumed or rejected as provided in the plan or the modifications in ¶ 11 below. The name <u>AND</u> mailing address for each creditor affected by this ¶ are:
~~Countrywide Home Loans, 400 Countrywide Way, Simi Valley, CA 93065;~~
~~Countrywide Home Loans, c/o The Prentice Hall Corp Systems, Inc, Registered~~
~~Agent, 285 Liberty St NE, Salem, OR 97301.~~

6. Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7. (a) Pursuant to 11 USC §522(f)(1)(A) the court hereby avoids the following judicial liens (NOTE: <u>INCLUDE</u> each creditor's name <u>AND</u> mailing address):
~~None~~

1350 (6/1/01) page 1 of 2 [**NOTE:** Printed text may **NOT** be stricken!]

**Exhibit B - Page 1 of 2**

RECEIVED AUG 2 8 2002

7. (b) Pursuant to 11 USC §522(f)(1)(B) the court hereby avoids the following non-purchase money liens (NOTE: INCLUDE each creditor's name AND mailing address):

None

8. The debtor, if operating a business without a tax account, shall open a separate bank account and promptly deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

9. All payments under the confirmed plan shall be paid no later than 5 years after the date the first payment under the first confirmed plan was due. If all payments are not completed by that date, the case may be dismissed upon the filing of a statement by the trustee regarding the failure to complete payments.

10. All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the automatic stay to effect possession and to foreclose.

11. The debtor moved to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [NOTE: INCLUDE a mailing address for any creditor whose address is not listed in ¶5]:

None.

12. The terms of this order are subject to any objection filed within 15 days by [NOTE: INCLUDE a mailing address for any creditor whose address is not listed in ¶¶ 5, 7 or 11]:

None.

13. The trustee is authorized to commence disbursements in accordance with the plan.

14. In the event this case is converted to Chapter 7, and the Chapter 13 trustee possesses funds aggregating more than $1,000 at the time of conversion, the Chapter 13 trustee shall forward all such funds to the debtor, in care of the debtor's attorney, if any, 10 days after the first scheduled §341(a) meeting in the Chapter 7 case, unless prior to that date, the Chapter 7 trustee files and serves a written objection pursuant to 11 USC §348(f)(2). In the event the funds in the trustee's possession at such time aggregate to $1,000 or less, or in the event this case is dismissed, the Chapter 13 trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any. Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

Bankruptcy Judge

*I certify that on* 8-27-02 *I served BOTH: (a) this Order, AND (b) a pre-addressed, stamped, envelope for the debtor, any debtor's attorney, AND each creditor specifically named herein, on the trustee for submission to the court.*

Approved: _____
Trustee

Kevin D. Ama 984596
DEBTOR OR DEBTOR'S ATTORNEY

On 8-30-02 I served copies of this Order on the debtor(s), any debtor's attorney, trustee, and any creditor listed above.

Clerk, U.S. Bankruptcy Court
By _____
Deputy Clerk

1350 (6/1/01) page 2 of 2 [NOTE: Printed text may NOT be stricken!]
**Exhibit B - Page 2 of 2**

Case 02-64996-tmr13   Doc 31   Filed 10/07/20